# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Medina Bright-Jamison, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 9:21-2246-RMG |
| v. ) | |
| ) | |
| Colette A. Haq a/k/a Collette A. Haq; ) | |
| Jamshed U. Haq; Thomas Ridgeway; ) | |
| Vacation Rental Pros Property ) | |
| Management, LLC; and Hilton Head ) | |
| Rentals & Golf, Inc., ) | |
| ) | **ORDER AND OPINION** |
| Defendants. ) | |
| ) | |

This is a slip and fall claim arising out of an injury suffered by Plaintiff at a property in Hilton Head, South Carolina in 2018. This matter comes before the Court on a motion to dismiss brought by Defendants Thomas Ridgeway ("Ridgeway") and Hilton Head Rentals & Golf, Inc. ("HHRG"). (Dkt. No. 5). Plaintiff has filed a response in opposition and Defendants Ridgeway and HHRG have filed a reply. (Dkt. Nos. 14, 17). Defendant HHRG asserts that it was dissolved as a corporate entity in 2016 and should be dismissed as an improper party. Defendant HHRG filed as an exhibit to its motion an official record of the South Carolina Secretary of State evidencing the entity's dissolution in 2016. (Dkt. No. 5 at 4-5; Dkt. No. 5-1). Defendant Ridgeway asserts that he has had no association with the other named defendants in this action since 2016 and that allegations in the complaint to the contrary are "indisputably false." (Dkt. No. 5 at 4-6). In response, Plaintiff asserts that the current website of HHRG contains entries which show Defendant Ridgeway "appears to still be affiliated" with other named defendants. (Dkt. No. 14 at 2-3).

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, in passing upon a Rule 12(b)(6) motion, the district court need not accept as true facts which are plainly contradicted by matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006).

Based upon the official records of the South Carolina Secretary of State, Defendant HHRG was dissolved as a corporate entity in 2016 and is, thus, not a proper party in this action.  The Court hereby takes judicial notice of the official records of the South Carolina Secretary of State regarding the corporate status of Defendant HHRG.  The motion to dismiss HHRG is granted.  As to the allegations set forth in the complaint regarding Defendant Ridgeway, the complaint states a plausible claim.  At this stage, the Court must accept the allegations concerning Defendant

Ridgeway as true, making dismissal of Ridgeway as a party defendant at this time inappropriate. The factual issues raised by Defendant Ridgeway in this motion to dismiss are more appropriately addressed by a motion for summary judgment. The motion to dismiss Defendant Ridgeway is denied.[1]

## Conclusion

Based on the foregoing, Defendants Ridgeway and HHRG's motion to dismiss (Dkt. No. 5) is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss is **GRANTED** in regard to Defendant HHRG and **DENIED** in regard to Defendant Ridgeway.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Court

August 20, 2021
Charleston, South Carolina

---

[1] Plaintiff has no incentive to retain Defendant Ridgeway as a party if he has, in fact, disassociated himself from the activities of the other named defendants since 2016 and has no independent basis for liability. Plaintiff's counsel should promptly confer with counsel for Defendant Ridgeway to determine whether there is any reasonable factual basis to support a claim against Defendant Ridgeway in this matter.