# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Medina Bright-Jamison, ) | |
| ) | |
| Plaintiff, ) | Case No. 9:21-cv-2246-RMG |
| ) | |
| v. ) | |
| ) | |
| Colette A. Haq a/k/a Collette A. Haq; ) | **ORDER AND OPINION** |
| Jamshed U. Haq; Thomas Ridgway; ) | |
| Vacation Rental Pros Property Management, ) | |
| LLC; and Hilton Head Rentals & Golf, Inc., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiff's motion to remand the case to the Court of Common Pleas, Beaufort County, South Carolina. (Dkt. No. 20). For the reasons stated below, the motion is denied.

## I. Background

On June 11, 2021, Medina Bright-Jamison ("Plaintiff") filed a premises liability action against various Defendants in the Court of Common Pleas, Beaufort County, South Carolina. (Dkt. No. 1-1). The Complaint alleges that on September 23, 2018, Plaintiff fell down steps on property allegedly owned by Colette A. Haq and Jamshed U. Haq ("Haq Defendants") and rented out and/or managed by Vacation Rental Pros Property Management, LLC ("Defendant Vacation Rental Pros"). (Dkt. No. 1-1 at ¶¶ 15-18). Plaintiff alleges Thomas W. Ridgway ("Defendant Ridgway") was the senior-most manager a/k/a General Manager of the premises. (*Id.* at ¶ 16). Plaintiff alleges Defendant Vacation Rental Pros, Hilton Head Rentals & Golf, Inc. ("HHRG"), and Defendant Ridgway do business together as a partnership and were responsible for cleaning, managing, and

1

maintaining the premises to ensure the premises were safe, clean, and not dangerous to persons such as Plaintiff. (*Id.* at ¶ 9-11, 17).

Defendant Vacation Rental Pros removed the case on July 22, 2021 alleging the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1). Although Plaintiff, Defendant Ridgway, and HHRG are alleged to be South Carolina residents, Defendant Vacation Rental Pros claims that removal is proper because Plaintiff fraudulently joined Defendant Ridgway and HHRG. (Dkt. No. 1 at 2). On July 22, 2021, Defendant Ridgway and HHRG moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6), arguing that Plaintiff's claims against these Defendants are factually incorrect and do not give rise to a claim. (Dkt. No. 5 at 3).

On August 20, 2021, the Court entered an Order dismissing HHRG from this action because it was dissolved as a corporate entity in 2016, and thus, the Court determined it was not a proper party to the action. (Dkt. No. 18 at 2). The Court denied the motion to dismiss as to Defendant Ridgway. The Court found that dismissing Defendant Ridgway as a party defendant on a 12(b)(6) motion was inappropriate and would be better addressed by a motion for summary judgment. (*Id.* at 3). In a footnote, the Court noted Plaintiff has no incentive to retain Defendant Ridgway as a party if he in fact has disassociated himself from the activities of the other named defendants since 2016 and has no independent basis for liability. (*Id.* at 3, FN 1). The Court ordered Plaintiff's counsel to confer with Defendant Ridgway to determine whether there is any reasonable factual basis to support a claim against Defendant Ridgway in this matter. (*Id.*).

On August 20, 2021, Plaintiff filed a motion to remand this action to the Court of Common Pleas, Beaufort County, South Carolina for lack of subject matter jurisdiction. (Dkt. No. 20). On August 24, 2021, Defendant Vacation Rental Pros and Defendant Ridgway filed a response. (Dkt.

No. 21).[1]  On August 30, 2021, Plaintiff filed a reply.  (Dkt. No. 24).  On September 7, 2021, Defendant Vacation Rental Pros and Defendant Ridgway filed a sur-reply.  (Dkt. No. 27).  The matter is ripe for the Court's review.

### I.     Legal Standard

As the party invoking the Court's jurisdiction, Defendants bear the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992).  The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007).  Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

### II.    Discussion

Plaintiff filed a motion to remand on the basis diversity of citizenship amongst the parties does not exist.  (Dkt. No. 20 at 1).  As the removing party, Defendants bear the burden of demonstrating that federal jurisdiction is proper. *Mulachey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Here, Defendant Vacation Rental Pros and Defendant Ridgway claim that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over any claim where the parties are diverse and the amount in controversy requirement is met.  Although Plaintiff's Complaint does not specify an amount-in-controversy, the Court is satisfied that her

---

[1] On August 30, 2021, the Haq Defendants filed a response, opposing Plaintiff's motion to remand for all the reasons set forth in the response filed by Defendant Vacation Rental Pros and Defendant Ridgway.  (Dkt. No. 23).

complained of medical injuries and the relief she seeks meet the $75,000 amount-in-controversy requirement. *See Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at * 1-2 (D.S.C. Feb. 4, 2011) (noting that district courts in South Carolina have required moving defendants to show that the amount-in-controversy requirement was satisfied either to a legal certainty or to a reasonable probability). Accordingly, the only question this court must answer to determine whether removal is proper is whether the parties are diverse.

Plaintiff and Defendant Ridgway are alleged to be residents of South Carolina. Defendant Vacation Rental Pros and the Haq Defendants are alleged to be foreign residents. The absence of complete diversity amongst the parties is generally fatal to a diversity case because the district court would lack jurisdiction. However, under the doctrine of fraudulent joinder, the district court may effectively "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

"To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Where no such fraud in pleading is alleged, the party seeking the federal forum "bears a heavy burden-it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Id.* at 426. "To determine whether a pleading is fraudulent, the court is not bound by the allegations of the

pleadings, but instead it may consider the entire record and may determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctrs. V. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal citations omitted)). "In this respect, 'the procedure appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P., Rule 56(b).'" *Beaudoin v. Sites*, 886 F. Supp. 1300, 1302 (E.D. Va. 1995) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n. 9 (5th Cir. 1981).

In this case, Plaintiff alleges Defendant Ridgway operates a partnership with HHRG and Defendant Vacation Rental Pros. (Dkt. No. 1-1 ¶¶ 9-10). Plaintiff alleges Defendant Ridgway was the senior-most manager a/k/a "General Manager" of the property where Plaintiff fell and had responsibilities for maintaining the property. (Dkt. No. 1-1 at ¶¶ 16-20). Plaintiff alleges Defendants' website indicates that Defendant Ridgway is the president of HHRG and is affiliated with Defendants. (*Id.* at ¶ 1). The Court previously dismissed HHRG as a party to this action because it was dissolved as a corporate entity in 2016. (Dkt. No. 18 at 2).

Defendant Ridgway and Defendant Vacation Rental Pros present evidence that demonstrates Defendant Ridgway has not been affiliated with Defendant Vacation Rental Pros or HHRG since the sale and dissolution of HHRG in 2015/2016. On December 4, 2015, HHRG and Defendant Ridgway entered an Asset Purchase Agreement where Defendant Vacation Rental Pros purchased HHRG. (Dkt. No. 5-2). On the same day, Defendant Ridgway and Defendant Vacation Rental Pros signed a Consulting Agreement whereby Defendant Ridgway agreed to provide consulting services to Defendant Vacation Rental Pros for a period of six months. (Dkt. No. 5-3 at 1). The South Carolina Secretary of State website reflects that HHRG was dissolved on December 31, 2016. (Dkt. No. 5-1).

In addition, Defendant Ridgway submits an Affidavit to his response in opposition to Plaintiff's motion to remand.  (Dkt. No. 21-6).  In his Affidavit, Defendant Ridgway states that he and his wife purchased Hilton Head Discount Rentals in 1997.  (*Id.* at ¶ 1).  He states he was the President of HHRG from 1997-2015.  (*Id.* at ¶ 2).  He states he sold HHRG to Vacation Rental Pros Property Management, LLC in 2015.  (*Id.* at ¶ 7).  He states he has not worked for Vacation Rental Pros Property Management, LLC since 2015.  (*Id.* at ¶ 9). He states he has had no ownership interest in HHRG since 2015.  (*Id.* at ¶ 8).  He states that after the sale of HHRG, he was hired to consult for Vacation Rental Pros Property Management LLC for six months in 2016.  (*Id.* at ¶ 10).  He states he has never been to or managed the property where Plaintiff alleges she fell.  (*Id.* at ¶¶4-5).  He states that he has had no affiliation with Vacation Rental Pros Property Management LLC since 2016.  (*Id.* at ¶ 11).  He states he has no ownership interest in Vacation Rental Pros Property Management.  (*Id.* at ¶ 12).

Defendant Vacation Rental Pros and Defendant Ridgway attach emails exchanged between their counsel and Plaintiff's counsel whereby Plaintiff's counsel concedes Defendant Ridgway was incorrectly named as a Defendant.  On August 19, 2021, the parties held a Rule 26(f) conference.  Plaintiff's counsel agreed to dismiss Defendant Ridgway and proceed in federal court under an Amended Complaint that named only Vacation Rental Pros and the Haqs as Defendants.  (Dkt. No. 21-2 at 4).  This agreement was confirmed by Plaintiff's counsel following the conference.  (*Id.* at 4-5).  Plaintiff's counsel also drafted a "Notice of Intent to File Amended Complaint" which stated, "Defendants' Motion [to Dismiss] was accompanied by compelling evidence lending to their assertion that they had been incorrectly named as Defendants."  (Dkt. No. 21-3 at 1-2).  Plaintiff's Notice of intent to File Amended Complaint states that "upon Defendants' Motion and accompanying exhibits, Plaintiff acknowledges that Defendants were incorrectly named."  (*Id.*).

Plaintiff's counsel circulated this Notice to all parties on the evening of August 19, 2021. (Dkt. No. 21-4). At the same time, Defendant Ridgway's counsel drafted and circulated its own Proposed Consent Order resolving the motion to dismiss as well as the pending motion to stay and for protective order. (Dkt. No. 21-5; 21-2 at 2). Plaintiff's counsel agreed to proceed with the Consent Order instead of the Plaintiff's Notice. (Dkt. No. 21-2 at 1). At the time when the parties circulated the notice and consent order, the Court had not yet issued its Order on Defendant Ridgway and HHRG's motion to dismiss. (Dkt. No. 5). On August 20, the Court entered its Order and denied the motion to dismiss as to Defendant Ridgway. (Dkt. No. 18). The same day, Plaintiff filed a motion to remand. (Dkt. No. 20).

Considering the standard for fraudulent joinder and record before the Court, the Court finds Defendants have presented evidence that the Plaintiff cannot recover against Defendant Ridgway. Defendant Ridgway sold HHRG to Defendant Vacation Rental Pros in 2015. The Court dismissed HHRG from this action because it was dissolved as a corporate entity in 2016. Defendant Ridgway avers he has had no ownership interest in HHRG since 2015 and has no ownership interest in Vacation Rental Pros. He avers he had no affiliation with any other party after 2016 and was not affiliated with the property where the Plaintiff fell. In the Notice, Plaintiff's counsel acknowledged the compelling nature of the evidence submitted by Defendants and acknowledged that Defendant Ridgway was incorrectly named. Plaintiff's counsel agreed to drop Defendant Ridgway as an improper party to this action. (Dkt. No. 21-3; 21-4; 21-2 at 1).

The Court holds that Plaintiff's original Complaint does not maintain a cause of action against Defendant Ridgway. Therefore, the joinder of Defendant Ridgway is fraudulent, this Court has jurisdiction over this case, Defendant Ridgway is dismissed, and Plaintiff's motion to remand is denied.

### III.     Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand (Dkt. No. 20) and **DISMISSES** Defendant Thomas Ridgway.

**AND IT IS SO ORDERED**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 13, 2021
Charleston, South Carolina